Stephen E. Garcia
KAYE SCHOLER LLC
Three First National Plaza
70 West Madison Street, Suite 4100
Chicago, Illinois 60602
Telephone: (312) 583-2300

Andrew A. Kress
Keith R. Murphy
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000

Steven J. McCardell (2144)
Adelaide Maudsley (8791)
LEBOEUF, LAMB, GREENE
 & MACRAE L.L.P.
1000 Kearns Building
136 South Main Street
Salt Lake City, Utah 84101
Telephone: (801) 320-6700
Facsimile: (801) 359-8256
Email: *smccarde@llgm.com*

Attorneys for the Debtor and Debtor in Possession

---

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| In re | ) |
|---|---|
|  | ) Chapter 11 |
| VINEYARD MANAGEMENT | ) Case No. 02-35388 (GEC) |
| COMPANY, | ) Jointly Administered under Case No. 02-35385 |
|  | ) [FILED ELECTRONICALLY] |
| Debtor. | ) |
|  | ) Hearing Date: December 8, 2004 at 10:00 a.m. MST |
|  | ) Objection Deadline: November 23, 2004 at 4:30 p.m. |
|  | ) MST |

## DEBTOR'S MOTION TO DISMISS
## CHAPTER 11 BANKRUPTCY CASE

**Filed: 11/05/04**

Vineyard Management Company, the debtor and debtor in possession in this case (the "Debtor"), hereby moves this Court for entry of an Order dismissing this case pursuant to section 1112 of the Bankruptcy Code and Rules 2002, 1017, 9006, and 9007 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Debtor states as follows:

## Jurisdiction and Venue

1.   This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Case Status

2.   On September 13, 2002 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On September 16, 2002, the Court entered an order directing that the Debtor's bankruptcy case be consolidated for procedural purposes and jointly administered at Case No. 02-353385 with the chapter 11 cases filed by Geneva Steel Holdings Corp. and certain of its corporate affiliates. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtor's chapter 11 case.

## Background

3.   The Debtor is a holding company with no physical assets. It owns a 100% interest in CPICOR Management Company. The Debtor's only assets consist of approximately $100 in cash.

4. The Debtor's only creditors are as follows: the Pension Benefit Guaranty Corporation (the "PBGC") for three (3) claims filed as unliquidated, including one (1) general unsecured claim in an amount estimated to be approximately $21.5 million; the Utah State Tax Commission in the aggregate amount of $840.00; and certain unliquidated indemnification claims asserted by the Debtor's former officers and directors. The PBGC's claims were filed as joint and several claims against each debtor in these jointly administered cases and against Geneva Steel LLC in its separate bankruptcy proceeding.

5. The Debtor and the PBGC entered, effective as of July 8, 2004, into a letter agreement (the "Letter Agreement"), in which the Debtor agreed to dismiss this case and dissolve the Debtor under state law and, after the payment of all reasonable costs of dissolution, pay all its remaining assets to the PBGC. A true and correct copy of the Letter Agreement is attached hereto as <u>Exhibit A</u>.

<u>Circumstances Dictating Dismissal</u>

6. The Debtor has virtually no business operations apart from its observance of corporate formalities. It has few creditors and almost no assets. There is no likelihood that the Debtor will be rehabilitated and no cause exists to delay its dissolution. The Letter Agreement was entered into by the PBGC and the Debtor in order to effect an efficient and inexpensive dissolution of the Debtor without affecting the ability of creditors, including the PBGC, to pursue their claims against Geneva Steel LLC and Geneva Steel Holdings, Inc.

Basis for Relief

7. Section 1112(b) of the Bankruptcy Code provides that the court may dismiss a case for cause when it is in the best interest of the creditor's of the Debtor's estate. *See* 11 U.S.C. § 1112(b). As (1) there is no likelihood of the Debtor's rehabilitation, (2) the Debtor will be unable to propose, effectuate or consummate a plan, and (3) no cause exists to delay the dissolution of the Debtor, it is in the best interests of the Debtor's estate to dismiss the Debtor's case in accordance with the Letter Agreement.

8. For the foregoing reasons, the Debtor submits that cause to dismiss the Debtor's case has been established under section 1112(b).

Notice

9. Debtor has caused to be served a copy of this Motion by regular U.S. Mail on (a) the United States Trustee; (b) counsel to the PBGC; (c) the Utah State Tax Commission; (d) all known creditors of the Debtor; and (e) all parties who have properly requested notice in the jointly administered case of Geneva Steel Holdings Corp. pursuant to Bankruptcy Rule 2002(m).

WHEREFORE, the Debtor seeks an order in the form attached as Exhibit B dismissing this chapter 11 case, effective immediately, and granting such other relief as the Court deems just and proper.

DATED this 5th day of November, 2004.

Steven J. McCardell (2144)
Adelaide Maudsley (8791)
LEBOEUF, LAMB, GREENE
& MACRAE L.L.P.
1000 Kearns Building
136 South Main Street
Salt Lake City, Utah 84101

4

Telephone: (801) 320-6700

-and-

Stephen E. Garcia
KAYE SCHOLER LLC
Three First National Plaza, Suite 4100
Chicago, Illinois 60602
Telephone: (312) 583-2300

-and-

Andrew A. Kress
Keith R. Murphy
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000
Attorneys for the Debtor and Debtor in Possession

## Exhibit A

**PBGC Letter Agreement**

# KAYE

Stephen E. Garcia
312 583-2340
Fax 312 583-2540
sgarcia@kayescholer.com

Three First National Plaza
Suite 4100
Chicago, Illinois 60602
312 583-2300
Fax 312 583-2360
www.kayescholer.com

May 20, 2004

*Via Facsimile 202-326-4112*

Mark Blank
PBGC
1200 K Street, NW
Suite 340
Washington, DC 20005

Re:   *Geneva Steel LLC Affiliate Cases*

Dear Mr. Blank:

I am writing to confirm the principal terms of the agreement of our respective clients regarding the resolution of the chapter 11 cases of certain of the members of the controlled group of Geneva Steel LLC, as follows:

1. *Vineyard Iron Company, Case No. 02-35390.* Vineyard Iron's only assets consist of approximately $100 in cash. We will move, with the approval of the PBGC, to dismiss this case and dissolve the company under state law. At this time, to the best of Vineyard Iron's knowledge based upon a review of the claims register maintained by the Bankruptcy Court, the only creditors of Vineyard Iron are the PBGC, that Utah State Tax Commission ($540 general unsecured claim and $300 priority unsecured claim alleged) and certain unliquidated indemnification claims asserted by Vineyard Iron's current and former officers and directors.

2. *Vineyard Management Company, Case No. 02-35388.* Vineyard Management's only assets consist of approximately $100 in cash. We will move, with the approval of the PBGC, to dismiss this case and dissolve the company under state law. At this time, to the best of Vineyard Management's knowledge based upon a review of the claims register maintained by the Bankruptcy Court, the only creditors of Vineyard Management are the PBGC, that Utah State Tax Commission ($540 general unsecured claim and $300 priority unsecured claim alleged) and certain unliquidated indemnification claims asserted by Vineyard Management's current and former officers and directors.

29023378

New York   Chicago   Los Angeles   Washington, D.C.   West Palm Beach   Hong Kong   London   Shanghai

KAYE

Mark Blank
2
May 20, 2004

3. *CPICOR Management Company, Case No. 02-35389.* CPICOR's only assets consist of approximately $6,000 in cash. We will move, with the approval of the PBGC, to dismiss this case. CPICOR will retain the approximately $6,000 in cash for the purposes of dissolving the company under state law. At this time, to the best of CPICOR's knowledge based upon a review of the claims register maintained by the Bankruptcy Court, the only creditors of CPICOR are the PBGC, that Utah State Tax Commission ($80 general unsecured claim and $300 priority unsecured claim alleged) and certain unliquidated indemnification claims asserted by CPICOR's current and former officers and directors.

4. *Williams Farm LLC, Case No. 02-35387.* Williams Farm's only assets consist of approximately $73,500 in cash. We will move, with the approval of the PBGC, to dismiss this case premised upon the distribution of all assets, including all cash on hand, to the creditors of Williams Farm within 30 days of such dismissal, less approximately $5,000 to be maintained by the company for purposes of dissolving this company under state law. At this time, to the best of William Farm's knowledge based upon a review of the claims register maintained by the Bankruptcy Court, the only creditors of William Farm are the PBGC, that Utah State Tax Commission ($80 general unsecured claim and $200 priority unsecured claim alleged) and certain unliquidated indemnification claims asserted by William Farm's current and former officers and directors.

5. *Iron Ore Mines LLC, Case No. 02-35386.* Iron Ore's only assets consist of approximately 5,400 acres of real property located in Southern Utah. At this time, we are aware of one other significant creditor of Iron Ore in addition to the PBGC, namely a reclamation claim held by the State of Utah in the amount of approximately $1.5 million. In addition, at this time, to the best of Iron Ore's knowledge based upon a review of the claims register maintained by the Bankruptcy Court, the only other creditors of Iron Ore are the PBGC, that Utah State Tax Commission ($80 general unsecured claim and $200 priority unsecured claim alleged) and certain unliquidated indemnification claims asserted by Iron Ore's current and former officers and directors.

We will move in both the Geneva Steel LLC and Iron Ore cases for authority to enter into a services agreement whereby Geneva Steel LLC will be paid on a success fee basis only of twenty one and one-half (21 ½) percent of the gross proceeds of sale of the assets of Iron Ore (with Iron Ore's expenses of sale being borne by Geneva Steel LLC).

Each controlled group member listed in paragraphs 1 though 3 above shall pay the PBGC any amounts remaining after the controlled group member satisfies the costs of dissolution.

Jul-09-04   11:18am   From-PBGC Off. Gen. Counsel   2023264142   T-657   P.005/005   F-638

## KAYE

Mark Blank

3

May 20, 2004

The agreement by the PBGC expressly will not affect the rights and claims of the PBGC against Geneva Steel LLC and Geneva Steel Holdings, Inc. with respect to the Geneva Steel Union Employee Defined Benefit Plan. The agreement by the Geneva Steel LLC controlled group members expressly will not affect the rights of any such member to propose any plan or plans of liquidation on such terms as may be permitted under the Bankruptcy Code.

If your client is in agreement with the terms of this letter, please counter-sign (or have your client counter-sign) this letter in the space provided below and fax a copy of the fully executed letter back to me at 312-583-2360.

Best regards,

Stephen E. Garcia

SEG

Accepted and agreed this __8th__ day ~~June~~ July, 2004:

PENSION BENEFIT GUARANTY CORPORATION

By: _Michelle Gray_
Printed Name: Michelle Gray
Title: Manager   Pre-Termination Processing Division
Insurance Operations Department

**Exhibit B**

**Proposed Order**

Stephen E. Garcia
KAYE SCHOLER LLP
Three First National Plaza, Suite 4100
Chicago, Illinois 60602
Telephone: (312) 583-2300

Andrew A. Kress
Keith R. Murphy
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
Telephone: (212) 836-8000

Steven J. McCardell (2144)
LEBOEUF, LAMB, GREENE
 & MACRAE L.L.P.
1000 Kearns Building
136 South Main Street
Salt Lake City, Utah 84101
Telephone: (801) 320-6700

Attorneys for the Debtor and Debtor in Possession

---

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| In re | ) |
|---|---|
| | ) |
| VINEYARD MANAGEMENT COMPANY, | ) Chapter 11 |
| | ) |
| | ) Case No. 02-35388 (GEC) |
| Debtor, | ) |
| | ) Jointly Administered under Case No. 02-35385 |
| | ) |

**ORDER PURSUANT TO 11 U.S.C. § 1112(b) DISMISSING
DEBTOR'S CHAPTER 11 BANKRUPTCY CASE**

Upon the motion dated November 5, 2004 (the "Motion") of Vineyard Management Company, the above captioned debtor and debtor in possession (the "Debtor"), for entry of an order pursuant to section 1112(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), dismissing its Chapter 11 case, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter; and due notice of the Motion having been provided to: the United States Trustee for the District of Utah, all creditors of the Debtor, the Internal Revenue Service and all parties requesting notice pursuant to Bankruptcy Rule 2002; and it appearing that no other or further notice need be provided; and it further appearing that cause exists to dismiss Debtor's Chapter 11 case; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the relief requested in the Motion, is granted and approved as set forth herein; and it is further

ORDERED, that this Chapter 11 case is dismissed pursuant to section 1112(b) of the Bankruptcy Code.

Dated: Salt Lake City, Utah
_____, 2004

_____
GLEN E. CLARK, CHIEF UNITED STATES
BANKRUPTCY JUDGE

SL 95695.2 28602 00131 11/4/2004 07:10pm